IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:18-cv-2463 |
| v. | § | |
| | § | |
| **JANET HUDSON-JONES and** | § | |
| **JPMORGAN CHASE BANK,** | § | |
| **NATIONAL ASSOCIATION,** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Ocwen Loan Servicing, LLC ("Plaintiff" or "Ocwen"), and files this its *Original Complaint* against Defendants, Janet Hudson-Jones and JPMorgan Chase Bank, National Association, and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Ocwen Loan Servicing, LLC is a limited liability company, whose citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc., which is incorporated and has its principal place of business in the U.S. Virgin Islands. Ocwen Loan Servicing, LLC is therefore a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

2. Defendant Janet Hudson-Jones is an individual and citizen of the state of Texas. Ms. Hudson-Jones may be served with process at 709 Luella Avenue, Deer Park, Texas 77536, or at such other place as she may be found. Summons is requested.

3. Defendant JPMorgan Chase Bank, National Association ("JPMorgan") is a national banking association with its main office and headquarters in Columbus, Ohio. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in the articles of association, is located." *Young v. Wells Fargo Bank, N.A.*, Civil Action No. 3:15-CV-02289-L, 2015 U.S. Dist. LEXIS 139573, at *8 (N.D. Tex. Oct. 14, 2015) (citing *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006)). Therefore, JPMorgan is a citizen of Ohio for diversity purposes. JPMorgan may be served by delivering a copy of this Complaint to its registered agent, CT Corporation System, 4400 Easton Commons Way, Columbus, OH 43219. Summons is requested.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of the filing of this action, the total amount owed on the loan at issue is greater than $75,000.00. Further, "[a]ttorney's fees may be included to determine the amount in controversy when such fees are permitted by contract or a state statute. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). The note and security instrument that are the subject of this Complaint allow for the recovery of attorney's fees. Plaintiff anticipates attorney's fees in excess of $5,000. This amount coupled with the outstanding debt puts the amount in controversy above the $75,000 threshold.

5. Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### III. SUMMARY OF FACTS

6. On or about June 3, 1993, Donald George Meyers executed a certain *Deed of Trust* (the "Meyers Deed of Trust") wherein he granted CTI Mortgage Company ("CTI") a security interest in certain real property and improvements located in Dallas County, Texas, commonly known as 4249 Huckleberry Circle, Dallas, Texas 75216 and more particularly described as:

> LOT 8, OF DEER PARK GARDENS, SECTION 2-B, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 239, PAGE 55 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS

the ("Property"). The Meyers Deed of Trust was recorded in the Real Property Records for Harris County, Texas under Document No. P272629 on June 8, 1993.

7. CTI then assigned, via an *Assignment of Lien*, the Meyers Deed of Trust to Fleet Real Estate Funding Corp., a subsidiary of Fleet Mortgage Corp. The Assignment of Lien was recorded in the Real Property Records for Harris County, Texas under Document No. P441923 on September 10, 1993.

8. Upon information and belief, Fleet Mortgage Corp., including Fleet Real Estate Funding Corp., were acquired by Washington Mutual, Inc. ("WaMu"). WaMu was then acquired by JPMorgan.

9. On or about December 30, 2010, Defendant Janet Hudson-Jones (the "Borrower") executed a certain *Note* (the "Note") in the original principal amount of $120,912.00 payable to Ally Bank and bearing interest at an initial rate of 4.750% per annum.

10. Concurrently with the Note, the Borrower executed that certain *Deed of Trust* (the "Hudson Deed of Trust" and together with the Note, the "Loan Agreement"), as grantor, granting a security interest in the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Ally Bank). The Hudson Deed of Trust was recorded in the Real Property Records for Harris County, Texas under Document No. 20110024858 on January 18, 2011.

11. MERS, solely as nominee for Ally Bank, assigned the Hudson Deed of Trust to GMAC Mortgage, LLC ("GMAC") on November 7, 2012 via an *Assignment of Deed of Trust*, which was recorded on November 9, 2012 as Document No. 20120522814 in the Real Property Records for Harris County, Texas.

12. On June 18, 2013, GMAC then assigned the Hudson Deed of Trust to Plaintiff via an *Assignment of Deed of Trust*, which was recorded in the Real Property Records for Harris County, Texas under Document No. 20130309668 on June 23, 2013.

13. Plaintiff is the current owner and holder of the Note and beneficiary of the Hudson Deed of Trust.

14. Upon information and belief, the Meyers Deed of Trust should have been released prior to the execution and recording of the Hudson Deed of Trust.

15. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

17. The Borrower has failed to make payments on the Note and has failed to comply with any and all of the covenants and conditions of the Hudson Deed of Trust. Notice of default and intent to accelerate was sent to the Borrower in accordance with section 51.002(d) of the Texas Property Code. The Borrower failed to cure the default and was given notice that the maturity date of the Note had been accelerated thus making all unpaid principal and accrued interest due and payable.

## IV. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its security interest through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002.

20. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing

stock of the community.

## V. CAUSE OF ACTION- JUDICIAL FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

23. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## VI. CAUSE OF ACTION- DECLARATORY JUDGMENT

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Plaintiff requests a declaration from this Court that JPMorgan's prior lien on the Property, by virtue of the Meyers Deed of Trust, is released and is extinguished. In the alternative, Plaintiff requests a declaration that it holds a superior first lien on the Property.

26. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of JPMorgan's unreleased lien. Plaintiff is therefore entitled to and seeks judgment against JPMorgan for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

## VII. ATTORNEY'S FEES

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Because of the material breach of the Loan Agreement, Plaintiff is entitled to

recover reasonable and necessary attorney's fees under the loan documents and Tex. Civ. Prac. & Rem. Code section 38.001.  Attorney's fees are not sought as a personal judgment against the Borrower, but only as an additional debt secured by the Security Instrument.

29. All conditions precedent have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ocwen Loan Servicing, LLC, requests that the Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff have and recover a judgment against them allowing it to proceed with non-judicial foreclosure in accordance with the Hudson Deed of Trust, Tex. R. Civ. P. 735 and Texas Property Code section 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney's fees and all costs of suit. Plaintiff also requests a declaratory judgment that Defendant JPMorgan's lien on the Property is released and is extinguished. Plaintiff further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission # 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*